IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-67,812-01 & -02






EX PARTE MICHAEL LAFFERY, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 06-CR-0436-H & 05-CR-4440-H IN THE 347
TH DISTRICT COURT


FROM NUECES COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery, aggravated robbery, and
two counts of credit card abuse. He was sentenced to imprisonment for ten years, thirty years, and two
one-year terms. He did not appeal his convictions.

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because she failed to advise him of his appellate rights. Trial counsel submitted an affidavit to the trial court.
Based on that affidavit and the record, the trial court has entered findings of fact and conclusions of law
recommending that relief be denied. We believe, however, that the record is not adequate to resolve
whether trial counsel was ineffective. The record indicates that, despite Applicant pleading guilty without
recommendations from the State, trial counsel signed certifications stating that Applicant's cases were plea
bargains and that, as a result, he had no rights to appeal. We believe that trial counsel should have the
opportunity to explain in a second affidavit why she signed these certifications and whether, despite her
signatures on these certifications, she specifically told Applicant he could appeal his convictions. 

 Accordingly, the trial court shall provide trial counsel with a second opportunity to respond to
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make further findings of fact as to whether the performance of Applicant's
trial attorney was deficient and, if so, whether her deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: August 22, 2007

Do not publish